UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DERRICK HENDERSON | CIVIL CASE NO. 21-2529 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOWE'S HOME CENTERS, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiff Derrick Henderson ("Henderson") filed this employment discrimination action against Defendant Lowe's Home Centers, LLC[1] ("Lowe's") August 16, 2021. See Record Document 1. In a memorandum order issued by Magistrate Judge Hornsby on August 30, 2021, Henderson was ordered to serve his complaint upon Lowe's and given a deadline of November 14, 2021, to file evidence with this Court of appropriate service. See Record Document 5.

On September 17, 2021, Henderson filed a Proof of Service purporting to evidence service of process on Lowe's by certified mail to Thomas & Company in Nashville, Tennessee. See Record Document 6. This attempt at service of process appears to be deficient in several respects and no information was provided on how Thomas & Company may be related to Lowe's. Lowe's has accordingly filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. See Record Document 13. Henderson has not filed any additional proof of service and has not opposed the motion to dismiss.

The Court finds that three considerations counsel against immediate granting of

---

[1] Erroneously identified on the complaint as Lowes Home Center.

Lowe's motion for dismissal. First, *pro se* plaintiffs like Henderson are generally to be given some leeway on procedural deadlines and service of process. See Flander v. Kforce, Inc., 526 F. App'x 364, 368 (5th Cir. 2013) (unpublished). Secondly, due to the strict timelines for initiating suit for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, even a dismissal without prejudice in this case would effectively foreclose Henderson's ability to seek a remedy in federal district court. See, e.g., Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992). And finally, Lowe's actual knowledge of the proceeding, evidenced by their filing of the Rule 12(b)(5) motion, precludes any undue prejudice against them by a delay in service of process, and supports some leniency for Henderson. See Sys. Signs Supplies v. U.S. Dep't of Just., 903 F.2d 1011, 1014 (5th Cir. 1990).

Nevertheless, the *pro se* status of a plaintiff does not afford him a free pass from compliance with procedural rules. See Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013). And since proper service of process is necessary to this Court's exercise of personal jurisdiction over Lowe's, see Norris v. Causey, 869 F.3d 360, 368 (5th Cir. 2017), Henderson cannot be exempted from the requirements of Federal Rule of Civil Procedure 4 absent a sufficient waiver from Lowe's. Therefore, the Court exercises its discretion under Rule 4(m) to grant Henderson a single 30-day extension of time in which to perfect service of process on Lowe's or suffer dismissal of his complaint. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff Derrick Henderson shall perfect service of process on Lowe's in accordance with Federal Rule of Civil Procedure 4 and file appropriate evidence of having done so with the Court not later than **February 28, 2022.** Henderson's attention is specifically called to the motion to dismiss previously filed by

Lowe's at Record Document 13 of the Court's docket, along with Rule 4(c) (regarding by whom service of process may be made), Rule 4(d) (providing an alternative to traditional service), and Rule 4(h) (covering service on an unincorporated association). Henderson is **CAUTIONED** that if he fails to timely provide evidence of service or a waiver by Lowe's by the Court's deadline and fails to show good cause for why he hasn't done so, then his claims against Lowe's will be dismissed without prejudice under Rule 4(m).

    **THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of January, 2022.

                                                          S. MAURICE HICKS, JR., CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT